■ In the Matter of the Estate of FRANCES T. WARD, Deceased. FRANA W. COATES, Appellant; WILLIAM B. AYERS, Respondent. (Proceeding No. 1.) In the Matter of the Estate of FRANCES T. WARD, Deceased. FRANA W. COATES, Appellant; WILLIAM B. AYERS, Respondent. (Proceeding No. 2.) [661 NYS2d 964] —In related proceedings to settle the accounts of William B. Ayers as executor of the estate of Frances T. Ward, the appeal is from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated June 24, 1996, which, *inter alia,* denied the motion of the objectant Frana W. Coates for summary judgment and dismissed her objections to the accounts.

Ordered that the order is affirmed, with costs payable by the appellant.

The court did not improvidently exercise its discretion by

dismissing the appellant's objections since the Surrogate's Court gave the appellant notice that her objections would be dismissed if she failed to comply with an order dated May 8, 1996, directing her to appear for an examination before trial. The record indicates that she deliberately defied the court's order and undertook a course of conduct designed to avoid disclosure.

Furthermore, it is well settled that a party moving for summary judgment must set forth evidentiary facts sufficient to entitle that party to judgment as a matter of law (see, CPLR 3212 [b]). Only when the initial requirement is met does the burden shift to the opposing party to demonstrate, by admissible evidence, the existence of a factual issue requiring a trial of the action or to tender an acceptable excuse for his failure to do so (see, Zuckerman v City of New York, 49 NY2d 557, 560). Here, the court properly determined that the appellant had not sufficiently established that she was entitled to judgment as a matter of law.

The remaining contentions are without merit. O'Brien, J. P., Thompson, Pizzuto and Friedmann, JJ., concur.